UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAZMINE I. ROBERTS,

                          Plaintiff,

          -against-

THE UNITED STATES DISTRICT COURT OF
THE SOUTHERN DISTRICT OF NEW YORK;
MR. HERNANDEZ,

                          Defendants.

22-CV-0127 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. By order dated January 6, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without payment of fees. For the reasons set forth below, the Court dismisses this action and directs Plaintiff to contact the United States Court of Appeals for the Second Circuit for information about her appeal under docket number 21-2583 (2d Cir.).

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

On October 7, 2020, Plaintiff filed a complaint alleging that she was homeless and sought to have her "Section 8 voucher" reinstated because it was terminated without notice to her. The complaint was opened as *Roberts v. The Guidance Center of Westchester*, No. 20-CV-08409 (LTS) (S.D.N.Y.). On October 27, 2020, Plaintiff filed an amended complaint adding numerous claims and parties, including claims that Plaintiff's child had been removed from her custody in violation of Plaintiff's rights as a person with disabilities, that police had put Plaintiff's hands behind her back even though she was pregnant, that the White Plains hospital had forced her to

leave before she was officially discharged, and more. Plaintiff thereafter submitted several change of address forms.

By order dated June 29, 2021, the Court dismissed Plaintiff's complaint but granted her leave to replead. *Roberts*, 1:20-CV-08409 (ECF 10). The order was mailed to Plaintiff's address in Yonkers, New York, but it is unclear whether she received it. On August 31, 2021, the Court received another change of address form indicating that Plaintiff was in the custody of the Westchester County Department of Corrections. The Court entered judgment on September 20, 2021, dismissing the action, but the copy of the judgment mailed to Plaintiff at that address was returned to the Court as undeliverable.

On October 14, 2021, Plaintiff filed a notice of appeal from the order of dismissal in *Roberts*, 1:20-CV-08409. The appeal remains pending in the United States Court of Appeals for the Second Circuit as *Roberts v. The Guidance Center of Westchester*, No. 21-2583 (2d Cir.).

In this complaint, Plaintiff invokes the Court's federal question jurisdiction. (ECF 2 at 2.) She asserts a violation of "the right to check the status of [her] civil complaint docket or get a copy of docket 21-2583." (*Id.*) Plaintiff explains that, on January 6, 2022, the clerk at the Court's Pro Se Intake Unit,[1] who is named as a defendant in this action, told her that the case under the docket number that she provided (21-2583) is *Geloso et al v. The Port Authority of New York and New Jersey*, 1:21-CV-2583 (KPF) (S.D.N.Y.). Plaintiff brings this action against the United States District Court for the Southern District of New York and its clerk, who is sued as "Mr. Hernandez."

---

[1] Plaintiff states that the clerk is employed at the courthouse at 40 Foley Square in Brooklyn, New York (ECF 2 at 2), but the Court assumes that she is referring to the United States District Court for the Southern District of New York in Manhattan – not Brooklyn.

**DISCUSSION**

It appears from the facts alleged in the complaint that Plaintiff asked a district court clerk for information about her case under docket number 21-2583, which is the number assigned by the United States Court of Appeals for the Second Circuit to her appeal that is pending in that court. *Roberts*, No. 21-2583 (2d Cir.). The district court clerk was unable to locate an action involving her under that docket number because the only district court action pending under that number is *Geloso*, 1:21-CV-2583 (KPF) (S.D.N.Y.), which doesn't involve Plaintiff. Plaintiff must contact the clerk for the United States Court of Appeals for the Second Circuit, not the district court, for information about her pending appeal in the Second Circuit under docket number 21-2583 (2d Cir.),

Plaintiff's allegations do not state a claim against Defendants United States District Court for the Southern District of New York or its clerk. Plaintiff does not invoke any federal statute that would abrogate the district court's sovereign immunity from suit, *see United States v. Mitchell*, 445 U.S. 535, 538 (1980) (holding that sovereign immunity bars federal courts from hearing all suits for monetary damages against the federal government, including its agencies, except where sovereign immunity has been waived) – nor can she on these facts. Plaintiff's allegations also do not show that the clerk violated Plaintiff's rights under any federal law, and she therefore fails to state a claim on which relief can be granted against the court clerk. The Court therefore dismisses Plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

The Court cautions Plaintiff that, before filing any lawsuit, she must make a good faith investigation into whether she has a nonfrivolous legal claim. Repetitive filing of frivolous litigation in this Court will result in an order barring Plaintiff from filing new actions *in forma pauperis* without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    January 10, 2022
          New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge